NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KOFI BAYETE,<br><br>    Plaintiff,<br><br>vs.<br><br>JON CORZINE, et al.<br><br>    Defendant. | Civil Action No.: 08-3941 (PGS)<br><br>MEMORANDUM |

  This matter is before the Court on a motion to dismiss by attorneys for Defendant, Senior Corrections Officer (SCO) Sea-Isle Jones, for failure to state a claim, and because the claim is barred by the statute of limitations. Fed. R. Civ. P. 12(b)(6). In addition, the Plaintiff, Bayete[1] submitted a two page letter in opposition (docket entry 129). The opposition letter does not oppose the motion by SCO Jones, but it requests appointment of counsel to assist him with serving process upon SCO Brooks and Nurse Anderson[2]. Since Chief Judge Brown previously denied a request to appoint counsel, the Court will consider Plaintiff's opposition letter as a motion for reconsideration.

  The Court has reviewed all submissions and has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the motion to dismiss

---

[1]  In the original complaint, Plaintiff spelled his last name as "Bayete." In the second amended complaint (docket entry no. 64), Plaintiff spells it differently – "Bay-e-te." The Court uses the first spelling as there is no proof of a change of name.

[2]  Evidently, the U.S. Marshals Service has not been able to serve Brooks and Anderson at the location identified in the summons.

filed on February 4, 2011 by the defendant Jones will be granted.

Procedural History

Plaintiff, Kofi Bayete, is New Jersey state prisoner who filed this complaint, pro se, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.

Plaintiff first filed a complaint on August 7, 2008 naming Michelle Ricci, Donald Mee, and Dr. Allen Martin as defendants. (See Docket Entry 1). Defendants Ricci and Mee were employed by the Department of Corrections (DOC) and a motion to dismiss was filed on their behalf on February 27 2009.  (See Docket Entry 22). On July 9, 2009, Chief Judge Brown granted dismissal of the official capacity claims as to DOC defendants Ricci and Mee. (See Docket Entries 34 and 35).

Plaintiff filed an amended complaint on July 27, 2009, this time only naming Ricci and Mee as defendants. (See Docket Entry 36). Then on February 17, 2010, Plaintiff filed a second amended complaint. (See Docket Entry 64). This time, plaintiff did not include Ricci and Mee as defendants but once again added Dr. Allen Martin as a defendant. And, for the first time, Plaintiff named SCO Brooks, SCO Jones, and nurse Sue Anderson, as defendants[3].

Even though Ricci and Mee were no longer named as defendants, a motion for summary judgment was filed on their behalf. (See Docket Entry 79). Defendant Dr. Allen also moved for dismissal and/or summary judgment.  (See Docket Entry 97). On January 7, 2011, Chief Judge

---

[3]    In addition, Bayete fictitiously added Dr. John Doe, as a defendant.

Brown granted those motions for dismissal and summary judgment dismissing the complaint as to defendants Ricci, Mee, and Dr. Martin. (See Docket Entries 120 and 121).

In an Order dated December 15, 2010, Magistrate Judge Bongiovanni granted Plaintiff an extension of time to serve two defendants, Brooks and Anderson, directing that service be effected by December 31, 2010. (See Docket Entry 119). To the best of my knowledge, service was never made.

Statement of Facts

Plaintiff's second amended complaint, as well as Plaintiff's previously filed complaints, concern an August 4, 2006 lockdown at the New Jersey State Prison. The facts are set forth in detail in Chief Judge Brown's January 7, 2011 Memorandum Opinion, which granted defendants Martin, Mee and Ricci's motions for summary judgment (docket entry 120). For the sake of convenience, this Court has reproduced the facts as set forth in that Opinion below:

> Plaintiff is an inmate incarcerated at New Jersey State Prison ("NJSP") serving a life sentence with a mandatory minimum of thirty-five years. In his Amended Complaint, Plaintiff alleges that Defendant Ricci, Administrator of NJSP, and Defendant Mee, former Assistant Superintendent of NJSP, violated his state and federal constitutional rights by ordering a facility-wide lockdown, during which inmates were confined to their cells twenty-four hours a day, thereby depriving Plaintiff of access to medical care. On August 4, 2006, said lockdown was initiated. The lockdown remained in effect until August 21, 2006. Defendants Ricci and Mee maintain that there was no order given prohibiting the transfer of inmates to the medical department or an outside hospital and inmate movement was restricted to medical emergency passes and court appearances. In his Opposition, Plaintiff alleges that Defendants Ricci and Mee ordered that inmates were not to be sent to the medical clinic for any reason.

In NJSP, if an inmate is unable to be escorted to the clinic, the medical provider is required to send a nurse to the inmate's cell to triage the inmate and determine whether it is a medical emergency requiring a trip to the medical department. Plaintiff alleges that the day after the lockdown at NJSP began, he noticed redness and swelling on the bottom of his left foot. There are conflicting statements from Plaintiff as to when he was seen by a medical provider. However, based on statements made in his deposition and the prison's medical records, it appears that Plaintiff was seen in his cell by Dr. Martin, Nurse Berry and Social Worker Lukin during the lockdown.

On ten occasions during the NJSP lockdown from August 4 to August 21, 2006, medical providers had inmates removed from their housing units and taken to the medical department for medical treatment. Further, on twenty occasions during the same time period, medical care providers had inmates removed from NJSP and taken to St. Francis Medical Center for medical treatment. Plaintiff admitted in his deposition that he is aware of other inmates being taken to the prison medical clinic and outside hospitals during the lockdown period. On August 31, 2006, an officer on Plaintiff's housing unit called a medical emergency code due to Plaintiff's complaints of pain and swelling in his left foot. Following the emergency code, Nurse Practitioner Liane Paixao-Illa evaluated Plaintiff in the medical department. Plaintiff complained of severe left foot pain and swelling. At that time, Plaintiff was sent to the emergency room at St. Francis Medical Center. Plaintiff remained at St. Francis Medical Center until September 6, 2006, when he was discharged. The St. Francis Medical Center discharge summary indicates that Plaintiff had been diagnosed with cellulitis, an inflammation of the cellular tissue below the skin, of the left ankle. He was prescribed intravenous antibiotics for twenty-eight days. Upon his return from St. Francis Medical Center, Plaintiff was admitted into the prison infirmary where he remained until October 4, 2006, when he completed his intravenous antibiotics and was discharged.

See Memorandum Opinion, docket entry 120 at pp. 2-4 (internal citations to record omitted).

Law

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See, e.g.*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950. The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000), *cert. denied, Forbes v. Semerenko*, 531 U.S. 1149, 121 S.Ct. 1091 (2001).

In New Jersey, the statute of limitations on a civil rights action (18 U.S.C. § 1983) is two years after the incident occurred. *Wilson v. Garcia*, 471 U.S. 261 (1985). A civil rights case may be barred on a motion to dismiss so long as the statute of limitations has run. *Bethel v. Jendoco Construction Corporation*, 570 F. 2d 1168, 1174 (3d Cir. 1978).

Here, the second amended complaint alleges that SCO Jones was deliberately indifferent to Plaintiff's serious medical condition by failing to summons assistance due to a lock down at the prison during August and September 2006 time period. Although the suit sets forth a cause of action, it is untimely. The second amended complaint against SCO Jones was filed February, 2010, far beyond the two year deadline. One may argue that the allegations against SCO Jones should relate back to the original complaint (docket entry 1) filed on August 7, 2008 or the first amended complaint filed on July 22, 2009 (docket entry 30) and the statute of limitations should be measured from the earlier filing dates. That theory does not work because SCO Jones is not mentioned in the

prior complaints. Since the Plaintiff knew of the incident and his injury at the time of the occurrence, he failed to timely file a complaint against SCO Jones. The Complaint is barred.

### 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

In this case, Chief Judge Brown, in his well-reasoned Opinion dated January 7, 2011 (docket entry 120), has determined that Plaintiff was not deprived of his Eighth or Fourteenth Amendment rights. Concerning Plaintiff's medical care claims, Chief Judge Brown determined that Plaintiff's claim against Dr. Allen could not withstand summary judgment, as Plaintiff "failed to provide any evidence or support that would indicate that Dr. Martin was deliberately indifferent to Plaintiff's

needs." See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (finding that to plead a prima facie Eighth Amendment claim, a plaintiff must allege that the defendants acted with "deliberate indifference" to his "serious medical needs"). Chief Judge Brown noted that Plaintiff was treated for the injuries he complained of by staff at the prison. See Memorandum Opinion, docket entry 120, at pp. 16-18. Furthermore, Chief Judge Brown determined that "it is clear that Plaintiff was provided medical care during the lockdown. The medical personnel, who are responsible for the provision of care to the inmates, saw Plaintiff and determined that the status of his foot did not warrant sending him to the medical department or St. Francis until August 31st. Since Plaintiff was not denied medical care, at most, this would, . . . be considered medical malpractice, not deliberate indifference." Id. at 13.

As to Plaintiff's due process claim, Chief Judge Brown found that Plaintiff was not subject to atypical and significant hardship due to the lockdown. Chief Judge Brown held that, "the Court finds that Defendants have established that they did not order that inmates were not permitted to be sent to the hospital during the lockdown. Further, Defendants have alleged and Plaintiff has agreed that during the lockdown, Plaintiff was seen by Dr. Martin, Nurse Berry and a social worker. Plaintiff was provided medical care during the lockdown and was not subject to atypical and significant hardship." Id. at 10 (internal citation to record omitted).

Likewise, in the second amended complaint, Plaintiff does not specifically plead, in accordance with Iqbal, how defendant Jones violated his Eighth or Fourteenth Amendment rights

except to generally reiterate the claims that Chief Judge Brown has already examined and ruled upon. Chief Judge Brown's reasoning applies to defendant Jones, as it applied to Defendants Mee, Ricci, and Allen. Plaintiff has not pled with specificity, as required by Iqbal, that defendant Jones violated his constitutional rights by virtue of being on duty during the lockdown.

As such, for the reasons set forth in Chief Judge Brown's January 7, 2011 Memorandum Opinion, and for the reasons set forth above, the claims against defendant Jones in the Second Amended Complaint must be dismissed.

*Motion for Reconsideration Standard of Review*

As set forth in the introductory paragraph, Plaintiff seeks reconsideration of Judge Brown's denial to appoint counsel.

Motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(I). The "extraordinary remedy" of reconsideration is "to be granted sparingly." *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). The Rule "does not contemplate a Court looking to matters which were not originally presented." *Damiano v. Sony Music Entertainment, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996) (quoting *Florham Park Chevron, Inc., v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)).

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct

manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotincki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). "Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc.*, 935 F. Supp. at 516; *See* Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d § 2810.1. Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *See, North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995*).* Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and only when "dispositive factual matters or controlling decisions of law" were brought to the Court's attention but not considered. *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987). *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

     In this case, there is no reason to reconsider Chief Judge Brown's decision. There does not appear to be any error of law or facts that were not considered. As such, the motion for reconsideration is denied.

                                                  *s/Peter G. Sheridan*
                                                PETER G. SHERIDAN, U.S.D.J.

September 28, 2011